| THIBODEAUX, Chief Judge.
In this workers’ compensation case, Plaintiff, Molly Robbins, alleges that on August 29, 2001, while in the course and scope of employment at the Isle of Capri Casino, she suffered a work-related accident. Ms. Robbins filed a Motion for Rule to Show Cause why Employer Should not Comply with La.R.S. 23:1201.1.[1] After a hearing, the Workers’ Compensation Judge (WCJ) ordered the payment of ten percent of all benefits owed to claimant from March 8, 2004 through July 13, 2004 for the employer’s failure to comply with La.R.S. 23:1201.1. Isle of Capri Casino appeals this judgment. Because there is no statutory authorization for such a sanction, we reverse and remand to the Office of Workers’ Compensation for the imposition of an appropriate and legally authorized sanction which we leave to the discretion of the workers’ compensation judge.
I.
ISSUE
We will consider whether the WCJ erred in awarding a payment of ten percent (10%) of all benefits paid to claimant from March 8, 2004 through July 13, 2004 against the employer for its failure to comply with La.R.S. 23:1201.1.
II.
FACTS
This workers’ compensation issue arises out of an alleged work-related accident suffered by Ms. Molly Robbins while employed at the Isle of Capri Casino (Casino). Ms. Robbins retained counsel. On February 27, 2004, the WCJ signed a ^Motion and Order for Approval of Statutory Attorney Fee (Order) memorializing the amount of attorney fees and the address where all payments of workers’ compensation benefits were to be sent, namely to Ms. Robbins’ counsel.
The Casino mailed payments directly to Ms. Robbins, not to her counsel as indicated by the Order. Consequently, On May 13, 2004, Ms. Robbins filed a Rule to Show Cause why Employer Should Not Comply with La.R.S. 23:1201.1. On September 13, *744 2004, the WCJ ruled against the employer and ordered the Casino to pay ten percent of all wage benefits owed to Ms. Robbins from March 8, 2004 through July 13, 2004. From this judgment, the Casino appeals.
III.
LAW AND DISCUSSION
The Order established the correct address to mail payments pursuant to La. R.S. 23:1201.1. The Casino failed to follow the Order. The WCJ has “the power to enforce any order or judgment he shall deem proper which is issued pursuant to the powers and jurisdiction provided for in this Chapter ...” (Emphasis added). La.R.S. 23:1310.7(A). In addition, La.R.S. 23:1310.7(D) refers to the workers’ compensation court’s general power to effectuate its purpose. Although Plaintiff relies on La.R.S. 23:1310.7(D) which states that “[njothing in this Section shall be construed to limit the power of the workers’ compensation judge to encourage compliance with and enforcement of his order by means other than referral to the district courts for contempt proceedings,” the power to enforce vis-a-vis a penalty must be authorized.
There are examples in which a penalty is delineated and may be assessed for failure to follow a specific statute. Louisiana Revised Statutes 23:1201(F) provides for an employer’s failure to provide payment in accordance with the statute | sor if the employer fails to consent to the employee’s request to select a treating physician or change physicians. The penalty assessment is “an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim.” Id. Louisiana Revised Statutes 23:1201.3 sets out the penalty in the event the employer fails to pay compensation under the terms of an award. Furthermore, La.R.S. 23:1310.7 establishes several methods to enforce any order or judgment including constructive contempt, subpoenas, and direct contempt which is “not inconsistent with the law for the punishment for contempt.” La.R.S. 23:1310.7(B).
Here, the award of ten percent of benefits paid to claimant is in essence a penalty; therefore, it must be construed narrowly and specifically provided for. “Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed.” See Williams v. Rush Masonry, Inc., 98-2271 p. 9 (La.06/29/99), 737 So.2d 41, 46. There is no language in the Workers’ Compensation Act that allows for the imposition of a ten percent assessment for a failure to adhere to La.R.S. 23:1201.1. We find the penalty is not authorized and, therefore, we must reverse.
IV.
CONCLUSION
For the foregoing reasons, we reverse the WCJ award of ten percent (10%) of all benefits paid to claimant from March 8, 2004 through July 13, 2004 against the employer for its failure to comply with La.R.S. 23:1201.1. All costs for this appeal are assessed against Plaintiff, Molly Robbins.
REVERSED AND REMANDED.
SAUNDERS, J., dissents and assigns reasons.

. Louisiana Revised Statutes 23:1201.1 mandates that ''[w]orkers' compensation payments, at the option of the employee, shall be mailed to the employee at the address designated by him.”